UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHEILA ROBINSON,

                              Plaintiff,

v.                                                                6:22-CV-0982
                                                                  (GTS/ML)
MARK WILLIAMS, et al.,

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

SHEILA ROBINSON
  Plaintiff, *Pro Se*
939 Ontario Avenue
Niagara Falls, New York 14301

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent a *pro se* complaint in the above captioned action together with (1) an application to proceed *in forma pauperis*, and (2) an application to appoint counsel, filed by Sheila Robinson ("Plaintiff") to the Court for review.  (Dkt. Nos. 1, 2, 5.)  For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application, (2) deny Plaintiff's motion for appointment of counsel, and (3) recommend that Plaintiff's Complaint be dismissed in its entirety (a) in part with leave to amend, and (b) in part without leave to amend.  (Dkt. Nos. 1, 2, 5.)

## I.    BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that she formed clothing brands and has since been targeted and harassed by defendants Mark Williams, Kyle Piersall, John De Traglia, Joseph Aiello, Brian Baye, Marissa Vomer, K. Phillips, Benny Grullon, Derek Schultz, Reginald Sanders, Brian French, Hiram Rios, Louis L. Stanton, John Does, Letitia James, Chuck Schumer, Amazon.com, Jeff Bezos, Facebook.com, Mark Zuckerberg, Google.com, Sergin Brin, Larry Page, Sundar Pichai, Zazzle.com, Robert Beaver, Cafepress.com, Bob Marino, Fred Durham, Redbubble.com, Barry Newstead, Martin Hopskin, Utica New York Police Department, and City of Utica in New York State (collectively "Defendants").  (*See generally* Dkt. No. 1.)

More specifically, Plaintiff alleges that she frequented Miller Park in Utica, New York.  (Dkt. No. 1 at 5.)  Plaintiff alleges that when she would go to Miller Park, Utica police officers would also be present in the park and that the police officers' presence in the park at the same time as Plaintiff put her in "fear of [her] safety and well being" such that she "stopped going to [the] park in fear of being shot by the [U]tica police."  (*Id.*)

Plaintiff alleges that, at some point in time, she called the police regarding issues she was having with third-party, Biory Chavez Tinco.  (*Id.*)  Plaintiff alleges that she sought to pursue charges against Mr. Tinco and to obtain a restraining order that would protect her from Mr. Tinco, but that the Utica police officers refused to arrest Mr. Tinco or assist Plaintiff in obtaining an order of protection.  (*Id.* at 5-6.)

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiff alleges that, at some point in time, she went to get her mail and an unnamed maintenance person "came out and provoked [P]laintiff into accidentally macing,"[2] the maintenance person then called the police, Plaintiff was arrested, and paid a $300 fine.  (*Id*. at 6.)

Plaintiff alleges that a building located next to her residence is a nuisance because it is a gathering place for drug users and dealers.  (*Id*. at 6.)  Plaintiff alleges that she sought police assistance "multiple times" to address individuals from the property next door who trespassed on to her property.  (*Id*.)  However, Plaintiff alleges that the Utica police refused to arrest individuals that criminally trespassed and did not conduct warrant checks on the trespassers.  (*Id*. at 6-7.)

Plaintiff alleges that Defendant Derek Schultz filed a false statement that Plaintiff was suffering from mental illness.  (*Id*. at 7.)  Plaintiff alleges that Defendant Marissa Vomer filed a false statement stating that Plaintiff was rambling.  (*Id*.)  Plaintiff alleges that Defendant Reginald Sanders retaliated against Plaintiff by refusing to arrest third-party T. Jones and stating to Plaintiff "you wanted Utica police fired[.] [W]hy should we help you[?]"  (*Id.*)

Plaintiff alleges that Defendant Louis Stanton was the assigned judge to another one of her civil cases and that he conspired to violate Plaintiff's right to a jury trial.  (*Id*. at 8.)  More specifically, Plaintiff alleges that Defendant Stanton dismissed Plaintiff's civil case against "tech-giants" via electronic notice so that Plaintiff would not receive the notice in time to appeal the decision.  (*Id*.)

Plaintiff alleges that she contacted the New York State Attorney General's office multiple times regarding the harassment she experienced by "one or more of the tech-giants" and the

---

[2]    It is unclear if Plaintiff intended to state that she "accidentally menaced" the maintenance person or that she "accidentally" used mace or some form of pepper spray.

stalking that she experienced at Miller Park by the Utica police officers but that the New York

State Attorney General's office informed her that it does not investigate those matters and

directed Plaintiff to obtain her own attorney.  (*Id.* at 9-10.)

Plaintiff alleges that unnamed "New York State Officials" deprived her of "Erap arrears"

by incorrectly and "intentionally posting online that [P]laintiff had not uploaded [the] required

documents."  (*Id.* at 10-11.)

Plaintiff alleges that she contacted Defendant Chuck Schumer to help her "stop and

collect the unauthorized apparel from [A]mazon warehouses" after Plaintiff saw that her clothing

line brand was being improperly sold by Defendant Amazon.com.  (*Id.* at 11.)  Plaintiff alleges

that Defendant Schumer failed to assist her because his family members are employed by

Defendant Amazon.com.  (*Id.*)

Plaintiff alleges that third-party Yahoo.com and Defendants Amazon.com,

Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Jeff Bezos, and Mark

Zuckerberg, conspired to target, cyberstalk, and stalk Plaintiff to interfere with her civil right to

make online profits.  (*Id.* at 11.)  Plaintiff also alleges that Defendants Amazon.com,

Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Jeff Bezos, and Mark

Zuckerberg racially targeted her because she is a Black American and they are white or of Asian

descent.  (*Id.* at 12.)

Based on these factual allegations, Plaintiff appears to assert the following ten claims: (1)

a claim against Defendant Utica Police Department for its conduct at Miller Park in violation of

the Fourth Amendment and 42 U.S.C. § 1983; (2) a claim against Defendant Utica Police

Department for its refusal to arrest Mr. Tinco and obtain an order of protection in favor of

Plaintiff against Mr. Tinco in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (3)

a claim against Defendant Utica Police Department for its refusal to arrest individuals who trespassed on Plaintiff's residence in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (4) a claim against Defendant Stanton for violating Plaintiff's due process right to a jury trial pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (5) a claim against Defendant Stanton for sending a dismissal notice electronically in violation of the First Amendment and 42 U.S.C. § 1983; (6) a claim against the New York State Attorney General's Office for failure to investigate and enforce the laws in violation of the Fourteenth Amendment and 42 U.S.C § 1983; (7) a claim against unnamed New York State officials for interfering with Plaintiff's right to equal housing in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (8) a claim against Defendant Schumer for violating Plaintiff's right to equal protection under the law pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (9) a claim against Yahoo.com and Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Jeff Bezos, and Mark Zuckerberg for conspiracy to deprive Plaintiff equal protection under the law pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (10) a claim against "the Tech-Giant gang" for stalking, cyberstalking, and harming Plaintiff. (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks, *inter alia*, $100,000,000,000 in compensatory damages, punitive damages in the amount of $300,000,000,000, and costs and attorney's fees. (*Id*.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[3]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[5]

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8

---

[3]    The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]    Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

[5]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.    Claims Against the Utica Police Department

"Although a municipality is subject to suit pursuant to section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), a municipal police department does not have the capacity to be sued as an entity separate from the municipality in which it is located."  *White v. Syracuse Police Dep't*, 18-CV-1471, 2019 WL 981850, at *3 (N.D.N.Y. Jan. 7, 2019) (Peebles, M.J.) (citing *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (McAvoy, J.); *Turczyn ex rel. McGregor v. City of Utica*, 13-CV-1357, 2014 WL 6685476, at *2 (N.D.N.Y. Nov. 26, 2014) (Sharpe, J.); *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) ("Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence.  Therefore, municipal departments like the Department of Social Services are not amenable to suit and no claims lie directly against the Department.")), *report and recommendation adopted by* 2019 WL 974824 (N.D.N.Y. Feb. 28, 2019) (Suddaby, C.J.).

As a result, I recommend that all claims against Defendant Utica Police Department be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent that the Court is inclined—for the sake of judicial efficiency—to review Plaintiff's claims against Defendant Utica Police Department, as against Defendant City of Utica, I still recommend dismissal of Plaintiff's claims for failure to state a claim upon which relief may be granted.

A municipality may only be named as a defendant in certain circumstances.  Pursuant to the standard for establishing municipal liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under Section 1983, a plaintiff must plead and prove that a deprivation of his

constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. 658); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer."). A municipality may be liable for deprivation of constitutional rights under Section 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). A plaintiff must also establish a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights. *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion). Indeed, municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it "may not be held liable on a theory of *respondeat superior*." *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).

Critically, "a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor." *Henry-Lee v. City of New York*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010). As the Second Circuit has noted, "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *see also id.* (noting that once a "district court properly [finds] no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* [is] entirely correct").

### 1.     Miller Park

I recommend that Plaintiff's claims with respect to Miller Park be dismissed for failure to state a claim upon which relief may be granted. The allegation that police officers are merely present in a public space, such as a park, at the same time as Plaintiff fails to allege that Plaintiff's rights were violated in any way. *See Hickombottom v. City of Chicago,* 739 F. Supp. 1173, 1179 (N.D. Ill. 1990) (police surveillance of plaintiff's apartment did not violate the Fourth Amendment in that plaintiff had no reasonable expectation of privacy as to his comings and goings); *Phillips v. City of San Jose*, C-94-20468, 1994 WL 706213, at *4 (N.D. Cal. Dec. 13, 1994) (allegations that the police officers followed and observed plaintiff in public areas were not sufficiently egregious to constitute a due process violation under the Fourteenth Amendment).

Moreover, courts in this Circuit have routinely dismissed similar claims as factually frivolous. *See McNaughton v. de Blasio*, 20-CV-6991, 2020 WL 5983100, at *4-5 (S.D.N.Y. Oct. 8, 2020) (dismissing as frivolous the plaintiff's allegations including, *inter alia*, that the N.Y.P.D. was enlisting parents and their children in an elaborate scheme to lure the plaintiff into committing pedophilic acts); *Gamez v. U.S. Dist. Court Eastern and Southern Dist. of-Tyranny, New York*, 11-CV-4068, 2011 WL 3949807, at *2 (E.D.N.Y. Sept. 6, 2011) (dismissing as factually frivolous, the plaintiff's claims that the police were stalking, ambushing, and illegally surveilling him). "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Plaintiff's allegations, even

under a liberal reading that the courts give *pro se* pleadings, easily qualify as frivolous under the standard asserted above. *See Denton,* 504 U.S. at 33.

As a result, I recommend that Plaintiff's claims regarding Miller Park be dismissed for failure to state a claim upon which relief may be granted and, in the alternative, for frivolity.

### 2.    Failure to Arrest Mr. Tinco

To the extent that Plaintiff's Complaint asserts a claim based on an alleged failure to file charges against Mr. Tinco or help Plaintiff obtain an order of protection against Mr. Tinco, I recommend that it be dismissed. Plaintiff does not have standing to compel any law enforcement agency to prosecute suspected criminal acts because there is no private right of action to enforce state or federal criminal statutes. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Walker v. CIBC Ltd.*, 20-CV-1337, 2021 WL 3518439, at *5 (N.D.N.Y. Apr. 13, 2021) (Hummel, M.J.) ("It appears plaintiff is either seeking the criminal prosecution of an individual or individuals or a law enforcement investigation, which is beyond this Court's jurisdiction."), *report-recommendation adopted by* 2021 WL 3204860 (N.D.N.Y. July 29, 2021) (McAvoy, J.); *McFadden v. Ortiz*, 12-CV-1244, 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) (D'Agostino, J.) (holding that "there is no private right of action to enforce either state or federal criminal statutes.").

As a result, I recommend that Plaintiff's claims regarding the failure to arrest Mr. Tinco be dismissed.

### 3.    Failure to Arrest Trespassers

For the reasons set forth above in Part IV.A.2. of this Order and Report-Recommendation, I recommend that Plaintiff's claims regarding the failure to arrest alleged trespassers be dismissed for lack of standing.

### B.    Claims Against Defendant Stanton

Plaintiff's Complaint appears to assert claims against Defendant Stanton in his individual and official capacity, for actions he allegedly took in his position as Senior United States District Judge of the Southern District of New York.  (Dkt. No. 1 at 8-9.)

It is well settled that "officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."  *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages.  Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."); *Mahapatra v. Comstock*, 97-CV-7129, 1998 WL 88054, at *1 (2d Cir. Feb. 26, 1998) ("[T]he district court properly dismissed the claims for damages based on absolute immunity.  Judges are shielded from liability for civil damages for judicial acts performed in their judicial capacities."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather,

12

he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978).

Plaintiff's allegations regarding Defendant Stanton appear to relate to actions he took as judge, while presiding over another civil proceeding initiated by Plaintiff.  (*See generally* Dkt. No. 1.)  The Complaint is devoid of facts plausibly suggesting that Defendant Stanton took any action as an individual, and therefore also fails to allege that he acted in the clear absence of all jurisdiction.  As a result, I recommend that the claims against Defendant Stanton be dismissed in their entirety based on the doctrine of absolute judicial immunity.

### C.    Claims Against New York State Attorney General's Office

As set forth above in Part IV.A.2. of this Order and Report-Recommendation, this Court does not have authority to commence its own investigation, commence criminal prosecution, compel a law enforcement agency to investigate suspected criminal activity, or compel a prosecutor to prosecute.  Prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court."  *Conn. Action Now, Inc. v. Roberts Plating Co*., 457 F.2d 81, 87 (2d Cir. 1972).

As a result, I recommend that Plaintiff's claims against the New York State Attorney General's Office be dismissed.

### D.    Claims Against Unnamed New York State Officials

I recommend that Plaintiff's claims against unnamed New York State officials regarding the denial of her Emergency Rental Assistance Program ("ERAP") housing application, be dismissed.

First, to the extent that those claims are asserted against employees of New York State in their official capacity, they are barred by the Eleventh Amendment.  "[A]s a general rule, state

governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

New York[6] has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  The Eleventh Amendment therefore bars Plaintiff's § 1983 claims against New York State officials in their official capacity as employees of New York State from proceeding in federal court.

Second, Courts have held that there is no private cause of action for the denial of an application for federally funded emergency rental assistance program funds.[7]  *See Wexler v. Dep't of Children and Families*, 22-CV-1111, 2022 WL 5250140, at *2 (M.D. Fla. Sept. 19, 2022) (recommending dismissal of the plaintiffs' claims alleging that their federal Emergency Rental Assistance Program applications were mishandled and misappropriated and holding that "there is no express or implied cause of action under the CAA and the undersigned is aware of no Court . . . that has found otherwise"); *Turner v. Hamilton Cnty. Trustee Assn.*, 22-CV-0275, 2022 WL 1606289, at *4 (S.D. Ind. May 20, 2022) (dismissing the plaintiff's claim that his application for federally funded Emergency Rental Assistance Program was improperly denied

---

[6]     "An official capacity suit against a municipal employee is a suit against the municipality itself." *Pittman v. Billings*, 20-CV-0422, 2020 WL 2079440, at *9 (N.D.N.Y. Apr. 30, 2020) (Baxter, M.J.), *report and recommendation adopted by* 2020 WL 2574631 (N.D.N.Y. May 21, 2020) (Sharpe, J.).

[7]     The "Coronavirus Aid Relief and Economic Security Act ("CARES Act")," which was continued by the [Consolidated Appropriations Act of 2021] CAA and the America Rescue Plan Act, allocated funds for rental assistance." *Turner*, 2022 WL 1606289, at *2.

as fraudulent and holding that "there is no private right of action created, expressly or impliedly, by Congress in the CAA or the CARES Act.").

As a result, I recommend that Plaintiff's claims against unnamed New York State officials for denial of her ERAP application, be dismissed based on the doctrine of immunity pursuant to the Eleventh Amendment and because it fails to state a claim upon which relief may be granted.

### E.   Claims Against Defendant Schumer

The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law.  Essential to that protection is the guarantee that similarly situated persons be treated equally.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  "In order to establish an equal protection violation, the plaintiffs must show that they were treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination." *Chaney v. Koupash*, 04-CV-0126, 2008 WL 5423419, at *20 (N.D.N.Y. Dec. 30, 2008) (Homer, M.J.) (citing *Myers v. Barrett*, 95-CV-1534, 1997 WL 151770, at *3 (N.D.N.Y. Mar. 28, 1997) (Pooler, J.)).  In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005).

Plaintiff fails to allege any facts plausibly suggesting that she was treated differently from similarly situated individuals or any other individuals. Vague and conclusory allegations, are insufficient to plausibly suggest an equal protection violation. *See De Jesus v. Sears Roebuck & Co.*, Inc., 87 F.3d 65, 70 (2d Cir. 1996); *see Byng v. Delta Recovery Servs.*, LLC., 13-CV-0733,

15

2013 WL 3897485, at *15, n. 5 (N.D.N.Y. July 29, 2013) (D'Agostino, J.) (finding that Attica

inmate alleged no facts in the complaint to indicate he was similarly situated to anyone or that

someone else was treated differently than he was).  The Complaint is devoid of allegations

plausibly suggesting that Plaintiff was similarly situated to anyone or that she was treated

differently.  Accordingly, I recommend that Plaintiff's Fourteenth Amendment Equal Protection

claims against Defendant Schumer be dismissed for failure to state a claim upon which relief

may be granted.[8]

    Further, to the extent that Plaintiff attempts to state conspiracy claims pursuant to 42

U.S.C. §§ 1985, 1986, I recommend that they be dismissed for failure to state a claim upon

which relief may be granted.

    "[T]o make out a violation of § 1985(3) . . . , the plaintiff must allege and prove four

elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any

person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person

is either injured in his person or property or deprived of any right or privilege of a citizen of the

United States."  *United Brotherhood of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v.

Scott*, 103 S. Ct. 3352, 3356 (1983).  A "conspiracy" requires, for purposes of Section 1985, "a

---

[8]     The Court notes that, should this action proceed against Defendant Schumer and the United States Attorney make the requisite certification such that the United States be substituted as defendant, Plaintiff has failed to allege compliance with the administrative exhaustion requirements set forth in the Federal Tort Claims Act (FTCA).  *See De Masi v. Schumer*, 608 F. Supp. 2d 516, 518-526 (S.D.N.Y. 2009) (replacing the United States as the allegedly liable party and proceeding as a FTCA suit where the plaintiff alleged that Senator Charles Schumer failed to respond to the plaintiff's repeated requests for assistance as one of Senator Schumer's constituents).

plurality of actors committed to a common goal." *Frooks v. Town of Cortlandt*, 997 F. Supp. 438, 456 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999).

In addition, a claim pursuant to Section 1985 requires that a plaintiff allege "some racial or [ ] otherwise class-based animus behind the conspirators' action." *Palmieri v. Lynch*, 392 F.3d 73, 86 (2d Cir. 2004). The Complaint fails to allege any racial or class-based animus other than one conclusory assertion that the "Tech-giants" racially targeted Plaintiff because she is a Black American "and all the tech-giant defendants are of white or Asian" descent. (*See generally* Dkt. No. 1.) "[C]onclusory allegations are inadequate to make out a claim under Section 1985." *Jones v. Nat'l Commc'n and Surveillance Networks*, 409 F. Supp. 2d 456, 472 (S.D.N.Y. 2006) (citing *Salgado v. City of N.Y.*, 00-CV-3667, 2001 WL 290051, at *8 (S.D.N.Y. Mar. 26, 2001); *Sadler v. Brown*, 793 F. Supp. 87, 90 (S.D.N.Y. 1992)). Thus, Plaintiff does not sufficiently allege a conspiracy between Defendant Schumer and/or others to deprive Plaintiff of any federally protected rights.

Likewise, Plaintiff does not allege a claim under Section 1986, which proscribes knowingly failing to prevent a Section 1985 conspiracy "which such person by reasonable diligence could have prevented," and explicitly requires an underlying conspiracy under Section 1985. *See Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) ("[A] § 1986 claim must be predicated on a valid § 1985 claim.").

As a result, I recommend that Plaintiff's claims against Defendant Schumer be dismissed.

### F.    Claims Against Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the

Constitution or laws of the United States was violated, <u>and</u> (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not state actors, and are not liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citations omitted). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing *Blum v. Yartsky*, 457 U.S. 991, 1002 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law . . . collaborated with a private person . . . to deprive the plaintiff of a constitutional right." *Fries v. Barns*, 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes*, 398 U.S. at 144).

Here, the Complaint fails to allege facts plausibly suggesting that Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg were "state actors" or were "collaborating" with state actors. Plaintiff's inclusion of citations to the statute—42 U.S.C. § 1983—in her Complaint, does not change that the Complaint is devoid of factual allegations alleging any state involvement by Defendants

Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg.  (*See generally* Dkt. No. 1.)

Moreover, to the extent that Plaintiff sought to allege a claim against Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg for stalking, cyberstalking, and harming Plaintiff, there is no private cause of action for stalking or general "harm."  *Sonnick v. Budlong*, 20-CV-0410, 2020 WL 2999109, at *5, 9 n.8, 11 (N.D.N.Y.  June 4, 2020) (Lovic, M.J.) (citations omitted) ("[F]ederal stalking is a crime pursuant to 18 U.S.C. § 2261A, and does not provide for a private cause of action. . . . New York does not recognize private causes of action for stalking, harassment, or trespass."), *report and recommendation adopted by* 2020 WL 4345004 (N.D.N.Y. July 29, 2020) (McAvoy, J.).

As a result, I recommend that Plaintiff's claims against Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg be dismissed for failure to state a claim upon which relief may be granted.

### G.    Conspiracy

As set forth above in Part IV. E. of this Order and Report-Recommendation, the Complaint fails to allege facts plausibly suggesting racial or class-based animus—other than Plaintiff's legally insufficient, conclusory assertion that unnamed "Tech-giants" racially targeted Plaintiff because she is a Black American "and all the tech-giant defendants are of white or Asian" descent.  (Dkt. No. 1 at 12.)  Thus, Plaintiff does not sufficiently allege a conspiracy between Defendants and/or others to deprive her of any federally protected rights pursuant to 42 U.S.C. § 1985.  Moreover, because Plaintiff fails to allege an underlying conspiracy pursuant to

42 U.S.C. § 1985, she likewise fails to allege a claim pursuant to 42 U.S.C. § 1986, which

proscribes knowingly failing to prevent a Section 1985 conspiracy.

As a result, to the extent that Plaintiff alleges conspiracy claims pursuant to 42 U.S.C. §§

1985, 1986 against any Defendant, I recommend that they be dismissed.

### H.    Claims Against Defendants Williams, Piersall, De Traglia, Aiello, Baye, Phillips, Grullon, French, Rios, John Does, James, Brin, Page, Pichai, Beaver, Marino, Durham, Newstead, and Hopskin

"It is well settled in this Circuit that 'personal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v.*

*Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885

(2d Cir. 1991)).  In order to prevail on a section 1983 cause of action against an individual, a

plaintiff must show "a tangible connection between the acts of a defendant and the injuries

suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  "[D]irect participation as a basis

of liability in this context requires intentional participation in the conduct constituting a violation

of the victim's rights by one who knew of the facts rendering it illegal." *Provost v. City of*

*Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted).

The caption of the Complaint lists Defendants Williams, Piersall, De Traglia, Aiello,

Baye, Phillips, Grullon, French, Rios, John Does, James, Brin, Page, Pichai, Beaver, Marino,

Durham, Newstead, and Hopskin but the body of the Complaint does not contain any factual

allegations regarding them.  Thus, I recommend that Plaintiff's claims against Defendants

Williams, Piersall, De Traglia, Aiello, Baye, Phillips, Grullon, French, Rios, John Does, James,

Brin, Page, Pichai, Beaver, Marino, Durham, Newstead, and Hopskin be dismissed.  *See Johnson*

*v. Gonzalez*, 14-CV-0745, 2015 WL 1179384, at *6 (N.D.N.Y. Mar. 13, 2015) (Kahn, J.)

(dismissing the claims against a defendant where the complaint lists the defendant's "name in the

caption, but fails to again name or assert allegations against him."); *Serrano v. New York State*

20

*Dep't of Envtl. Conservation*, 12-CV-1592, 2013 WL 6816787, at *15 (N.D.N.Y. Dec. 20, 2013)

(D'Agostino, J.) (citing *Jaffer v. Chemical Bank*, 93-CV-8459, 1994 WL 392260, at *3

(S.D.N.Y. July 26, 1994) (holding that "[w]hen a complaint's caption names a defendant but the

complaint does not indicate that the named party injured the plaintiff or violated the law, the

motion to dismiss must be granted")) (dismissing the plaintiff's claims against two defendants

who were listed as parties in the complaint and in the caption, but not elsewhere in the

complaint).

## I.    Statements of Defendants Schultz, Vomer, and Sanders

Having found that all of Plaintiff's federal claims are subject to dismissal, I recommend

that, to the extent Plaintiff has asserted any state law claims—such as defamation claims against

Defendants Schultz, Vomer, and Sanders[9]—the Court decline to exercise jurisdiction over those

claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise

---

[9]    To the extent that Plaintiff attempts to allege a retaliation claim against Defendant
Sanders pursuant to 42 U.S.C. § 1983 and the First Amendment, I recommend that it also be
dismissed because Plaintiff fails to allege that she engaged in any protected speech. (*See
generally* Dkt. No. 1.) Instead, Plaintiff alleges only that Defendant Sanders accused Plaintiff of
"want[ing] [U]tica police fired" and asked "why should we help you[?]" after refusing to make
an arrest. (Dkt. No. 1 at 7.) However, with additional factual allegations, Plaintiff may have a
viable claim against Defendant Sanders. *See generally Rudd v. City of Norton Shores, Michigan*,
977 F.3d 503, 513-516 (6th Cir. 2020) (citing *Briner v. City of Ontario*, 370 F. App'x 682, 700
(6th Cir. 2010); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (holding that (1) "[t]he
freedom of speech . . . protects the right of an ordinary citizen to criticize public officials . . .
without fear of criminal or civil repercussions," and thus, formal petitions including citizen
complaints and informal requests for police assistance qualify as protected petitioning of the
government, and (2) although "'the right to petition the government does not guarantee a
response to the petition or the right to compel government officials to act on or adopt a citizen's
views[,]' [a]nd individuals have no constitutional entitlement to police protection[,] . . . . the
'unconstitutional conditions' places limits on the government's ability to deny an otherwise
discretionary benefit in retaliation for a person's protected speech. . . . [thus the Sixth Circuit has
previously held that a plaintiff] stated a plausible claim by suggesting that the police 'refused to
investigate the theft of [his] GMC truck in retaliation for complaints regarding the [police's]
alleged failure to properly investigate [an earlier] burglary[.]'").

supplemental jurisdiction over [pendent state law claims] if . . . the district court has dismissed

all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before

trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial

economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction

over the remaining state-law claims."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir.

1986) (citing *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (1974)) (holding that "federal

courts, absent exceptional circumstances, should abstain from exercising pendent jurisdiction

when federal claims in a case can be disposed of by summary judgment").

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding

L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[10]

I recommend that Plaintiff's claims against Defendant Utica Police Department be

dismissed without leave to amend because it is not an entity that is amenable to suit.  Moreover,

to the extent that Plaintiff's claims against Defendant Utica Police Department are construed as

against Defendant City of Utica, I recommend that they be dismissed without leave to amend

because (1) Plaintiff's claims regarding Miller Park are factually frivolous, and (2) a better

pleading will not cure the issue with Plaintiff's claims alleging that the Utica Police Department

failed to arrest Mr. Tinco and the criminal trespassers.

I recommend that Plaintiff's claims against Defendant Stanton be dismissed without

leave to amend because he is entitled to absolute judicial immunity.

In addition, a better pleading will not cure the issue with Plaintiff's claim against the New

York Attorney General's Office alleging that it failed to investigate and prosecute alleged

criminal and improper conduct.  As a result, to the extent that the Complaint is construed as

asserting any claim against the New York Attorney General's Office, I recommend that it be

dismissed without leave to amend.

To the extent that Plaintiff's Complaint is construed as asserting any claims against

unnamed New York State officials for denying her ERAP application, I recommend that they be

dismissed without leave to amend because (1) the officials in their official capacity are immune

---

[10]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

from suit pursuant to the Eleventh Amendment, and (2) there is no private cause of action to pursue Plaintiff's allegations.

Further, to the extent that Plaintiff asserted claims against Defendants Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg for stalking, cyber stalking, and harassment, I recommend that they be dismissed without leave to amend because there is no private cause of action for stalking, cyber stalking, and harassment.

This Court has serious doubts about whether Plaintiff can amend to assert actionable claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Schumer, Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, Zuckerberg, Williams, Piersall, De Traglia, Aiello, Baye, Phillips, Grullon, French, Rios, John Does, James, Brin, Page, Pichai, Beaver, Marino, Durham, Newstead, and Hopskin, Schultz, Vomer, and Sanders. However, out of an abundance of caution, I recommend that Plaintiff be permitted to amend those claims against those Defendants. In addition, to the extent that Plaintiff sought to allege any defamation claim against Defendants Schultz, Vomer, and Sanders, I recommend that she be permitted to amend that claim too.

If Plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth

facts that give rise to the claims, including the dates, times, and places of the alleged underlying

acts, and each individual who committed each alleged wrongful act.  In addition, the revised

pleading should allege facts demonstrating the specific involvement of any of the named

defendants in the constitutional deprivations alleged in sufficient detail to establish that they

were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir.

1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing

Complaint, and must be a wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with the Court.  *See Shields*

*v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an

amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI.     PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  (Dkt. No. 5.)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of

counsel in a civil case."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62,

68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining

whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114

F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by

the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether

the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may

be properly denied if the court concludes that the plaintiff's "chances of success are highly

dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court

should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination will be the major

> proof presented to the fact finder, the indigent's ability to present the case,
> the complexity of the legal issues and any special reason in th[e] case why
> appointment of counsel would be more likely to lead to a just
> determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62

(2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a

particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899

F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the

Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt.

No. 5) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is

**GRANTED only for purposes of filing and any appeal unless the trial court certifies in**

**writing that the appeal is not taken in good faith**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 5) is **DENIED**

**without prejudice to refiling**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**

Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts (1) claims pursuant to 42 U.S.C. §§

1983, 1985, and 1986 against Defendants Schumer, Amazon.com, Facebook.com, Google.com,

Zazzle.com, Cafepress.com, Redbubble.com, Bezos, Zuckerberg, Williams, Piersall, De Traglia,

Aiello, Baye, Phillips, Grullon, French, Rios, John Does, James, Brin, Page, Pichai, Beaver,

Marino, Durham, Newstead, and Hopskin, Schultz, Vomer, and Sanders, and (2) a defamation

claim against Defendants Schultz, Vomer, and Sanders, because it fails to state a claim upon

which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD**

Plaintiff's Complaint (Dkt. No. 1) to the extent that it asserts (1) claims against Defendants Utica

Police Department, City of Utica, and Stanton; (2) claims against the New York Attorney

General's Office and unnamed New York State officials; and (3) claims of stalking, cyber

stalking, and harassment against Defendants Amazon.com, Facebook.com, Google.com,

Zazzle.com, Cafepress.com, Redbubble.com, Bezos, Zuckerberg, pursuant to 28 U.S.C. §

1915(e)(2)(B); and it is further

      **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.[11]

      **NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within

which to file written objections to the foregoing report.[12]  Such objections shall be filed with the

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: January  12 , 2023
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[11]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[12]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).