UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHEILA ROBINSON,

                              Plaintiff,

                                                                    6:22-CV-0982
v.                                                                  (GTS/ML)

MARK WILLIAMS, Utica NY, Police Officers 1-12; KYLE
PIERSALL, Utica NY, Police Officers 1-12; JOHN DeTRAGLIA,
Utica NY, Police Officers 1-12; JOSEPH AIELLO, Utica NY,
Police Officers 1-12; BRIAN BAYE, Utica NY, Police Officers
1-12; MARISSA VOMER, Utica NY, Police Officers 1-12;
K. PHILLIPS, Utica NY, Police Officers 1-12; BENNY GRULLON,
Utica NY, Police Officers 1-12; DEREK SHULTZ, Utica NY,
Police Officers 1-12; REGINALD SANDERS, Utica NY, Police
Officers 1-12; BRIAN FRENCH, Utica NY, Police Officers 1-12;
HIRAM RIOS, Utica NY, Police Officers 1-12; LOUIS L. STANTON,
New York State Judge; JOHN DOES, Unknown New York State Erap
Officials; LETITIA JAMES, New York State Attorney General;
CHUCK SCHUMER, U.S. Senator for New York; AMAZON.COM;
JEFF BEZOS, CEO of Amazon.com; FACEBOOK.COM; MARK
ZUCKERBERG, CEO of Facebook.com; GOOGLE.COM; SERGIN
BRIN, of Google; LARRY PAGE, of Google; SUNDAR PICHAI, CEO
of Google; ZAZZLE.COM; ROBERT BEAVER, CEO of Zazzle.com;
CAFEPRESS.COM; BOB MARINO, CEO of Cafepress.com; FRED
DURHAM, of Cafepress.com; REDBUBBLE.COM; BARRY
NEWSTEAD, of Redbubble.com; MARTIN HOPSKIN, of
Redbubble.com; UTICA NEW YORK POLICE DEPT., and CITY OF
UTICA, NEW YORK,

                              Defendants.
_____

APPEARANCES:

SHEILA ROBINSON
  Plaintiff, *Pro Se*
939 Ontario Avenue
Niagara Falls, New York 14301

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Sheila Robinson ("Plaintiff") against the above-captioned individuals and entities ("Defendants"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that some of the claims in Plaintiff's Complaint be *sua sponte* dismissed without leave to amend, and that the remaining claims in that Complaint be *sua sponte* dismissed with leave to amend, and (2) Plaintiff's Objections to the Report-Recommendation.  (Dkt. Nos. 6, 9.)

After carefully reviewing the relevant filings in this action, the Court finds no error in the Report-Recommendation, clear or otherwise:[1] Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  To those reasons, the Court adds only two points.

First, even when construed with the utmost of special liberality, Plaintiff's "Objections" fail to assert a *specific* challenge to the Report-Recommendation.  (*Compare* Dkt. No. 9 *with* Dkt. No. 6.)[2]  As a result, the "challenged portions" of the Report-Recommendation are entitled

---

[1]    When no objection is made to a report-recommendation (or when only a *general* objection is made to a report-recommendation), the Court subjects that report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2]    When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to only a clear-error review.  In any event, even if the Court were to subject those portions of the

Report-Recommendation to a de novo review, the Court would find that they survive that review.

Second, rather than wait for the undersigned's ruling on Magistrate Judge Lovric's

Report-Recommendation, Plaintiff has attempted to file an Amended Complaint.  (Dkt. No. 10.)

This litigation practice has complicated matters because, even assuming that Plaintiff had an

absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite the fact

that she had not yet served her Complaint,[3] an amended complaint supersedes an original

complaint in all respects.[4]  This means that, arguably, Plaintiff's Amended Complaint has

---

to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3]      Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course *within* . . . 21 days after serving it . . . ."  Fed. R. Civ. P. 15(a)(1)(A) (emphasis added).  Here, Plaintiff never served her Complaint; thus, she is arguably not yet *within* the 21-day window in which she may filed an Amended Complaint as a matter of course.  *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never *commenced*.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

[4]      *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y.

partially mooted Magistrate Judge Lovric's Report-Recommendation, which analyzed Plaintiff's *original* Complaint.

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's Amended Complaint. However, the Court is mindful of the Second Circuit's admonition that a *pro se* plaintiff's request to amend her complaint when a motion to dismiss is pending should be denied only without prejudice, or perhaps stayed, until she has had the benefit of the district court's ruling on the motion to dismiss.[5]

For all of these reasons, the Court has chosen to apply Magistrate Judge Lovric's Report-Recommendation to Plaintiff's original Complaint while deeming Plaintiff's Amended Complaint as a *proposed* Amended Complaint (out of special solicitude to Plaintiff as a *pro se* civil rights litigant), and holding that proposed Amended Complaint in abeyance pending confirmation from Plaintiff that it is indeed the Amended Complaint on which she wishes to proceed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED**; and it is further

---

L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

[5]     *See Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED**: (1) Plaintiff's claims against Utica Police Department, the City of Utica, and Judge Stanton; (2) Plaintiff's claims against the New York State Attorney General and unnamed New York State officials; and (3) Plaintiff's stalking claims, cyberstalking claims, and harassment claims against Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, and Zuckerberg; and it is further

**ORDERED** that the remaining claims in Plaintiff's Complaint (Dkt. No. 1) **shall be DISMISSED** without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of this Report-Recommendation, Plaintiff files an **AMENDED COMPLAINT** that corrects the pleading defects identified in those claims, which are specified as follows: (1) Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Schumer, Amazon.com, Facebook.com, Google.com, Zazzle.com, Cafepress.com, Redbubble.com, Bezos, Zuckerberg, Williams, Piersall, DeTraglia, Aiello, Baye, Phillips, Grullon, French, Rios, John Does, James, Brin, Page, Pichai, Beaver, Marino, Durham, Newstead, Hopskin, Schultz, Vomer, and Sanders; and (2) Plaintiff's defamation claims against Defendants Schultz, Vomer, and Sanders; and it is further

**ORDERED** that, more specifically, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall do one of the following two things: (1) notify the Court in writing that her proposed Amended Complaint (Dkt. No. 10) is indeed the Amended Complaint on which she wishes to proceed, or (2) file a revised Amended Complaint; and it is further

**ORDERED** that, upon Plaintiff's fulfillment of one of the conditions set forth in the preceding paragraph (or, in the absence of his fulfillment of either condition, after the passage of thirty days), Plaintiff's operative Amended Complaint shall be referred to Magistrate Judge

Lovric for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e) (as well as his

management of pretrial matters).

Dated: April 18, 2023
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge