UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHEILA ROBINSON,

                    Plaintiff,

                                                          6:22-CV-0982
v.                                                        (GTS/ML)

MARK WILLIAMS, Utica NY, Police Officers 1-12;
KYLE PIERSALL, Utica NY, Police Officers 1-12;
JOHN DeTRAGLIA, Utica NY, Police Officers 1-12;
JOSEPH AIELLO, Utica NY, Police Officers 1-12;
BRIAN BAYE, Utica NY, Police Officers 1-12;
MARISSA VOMER, Utica NY, Police Officers 1-12;
K. PHILLIPS, Utica NY, Police Officers 1-12;
BENNY GRULLON, Utica NY, Police Officers 1-12;
DEREK SHULTZ, Utica NY, Police Officers 1-12;
REGINALD SANDERS, Utica NY, Police Officers 1-12;
BRIAN FRENCH, Utica NY, Police Officers 1-12;
HIRAM RIOS, Utica NY, Police Officers 1-12;
LOUIS L. STANTON, New York State Judge;
JOHN DOES, Unknown New York State Erap Officials;
LETITIA JAMES, New York State Attorney;
CHUCK SCHUMER, New York Senator;
AMAZON.COM; JEFF BEZIO, CEO of Amazon.com;
FACEBOOK.COM; MARK ZUCKERBERG, CEO of
Facebook.com; GOOGLE.COM; SERGIN BRIN, of Google;
LARRY PAGE, of Google; SUNDAR PICHAI, CEO of Google;
ZAZZLE.COM; ROBERT BEAVER, CEO of Zazzle.com;
CAFEPRESS.COM; BOB MARINO, CEO of Cafepress.com;
FRED DURHAM, of Cafepress.com; REDBUBBLE.COM;
BARRY NEWSTEAD, of Redbubble.com; MARTIN HOPSKIN,
of Redbubble.com; JASON APFEL, CEO of fragrance.net;
DAVID BROWN, CEO of Networksolutions.com;
SCOTT WAGNER, CEO of GoDaddy; SEAN MORIARTY,
CEO of ENOM; ELLIOT NOSS, CEO of ENOM and Tucows;
JEFF BERRY, CEO of Huge Domains; ANDREW BERRY,
CEO of Huge Domains; DOMENICO SOLE, CEO of Gucci;
VILNIUS KOLIZ, CEO of Vostok Watches;
KOLIZ VOSTOC, CEO of Vostok Europe Watches;
DAVID McCONNELL of Gorgeous Cosmetics;
HELEN GIBSON, CEO of Hello Gorgeous;
UTICA NEW YORK POLICE DEPT.;
CITY OF UTICA IN NEW YORK STATE; and

JOHN DOES, unknown co-conspirators,

                            Defendants.

_____

APPEARANCES:

SHEILA ROBINSON
    Plaintiff, *Pro Se*
511 Tronolone Place, Apt. 4
Niagara Falls, New York 14301

GLENN T. SUDDABY, United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this *pro se* civil rights action filed by Sheila Robinson

("Plaintiff") against the above-captioned individuals and entities ("Defendants"), is United States

Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's

revised Amended Complaint (Dkt. No. 12) be dismissed, without leave to replead, pursuant to 28

U.S.C. § 1915(e)(2)(B)(I).  (Dkt. No. 13.)  Rather than file a document identified as an Objection

to the Report-Recommendation, Plaintiff has filed a document that she identifies as a "motion to

vacate judgment for fraud on the Court."  (Dkt. No. 15.)  In addition, the same day that

Magistrate Judge Lovric issued his Report-Recommendation, Plaintiff filed a document that

essentially consists of a *second* revised Amended Complaint.  (Dkt. No. 14.)

After carefully reviewing the relevant filings in this action, the Court finds no clear error

in the Report-Recommendation:[1] Magistrate Judge Lovric employed the proper standards,

_____

[1]     When no objection is made to a report-recommendation, the Court subjects that
report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee
Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy
itself that there is no clear error on the face of the record in order to accept the recommendation."
*Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)
(Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which

accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 13.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. To those reasons, the Court adds the following three points.

First, even if the Court were to liberally construe Plaintiff's purported "motion to vacate judgment for fraud on the Court" as constituting an Objection to the Report-Recommendation, and the Court were to subject the Report-Recommendation to a de novo review, the Court would find that the Report-Recommendation survives that review for the reasons stated therein. (Dkt. No. 13.)

Second, the Court would reach the same conclusion if it were to alternatively treat Plaintiff's purported "motion to vacate judgment for fraud on the Court" as an actual motion under Fed. R. Civ. P. 7 and Local Rule 7.1 of the District's Local Rules of Practice. Setting aside the fact that there has been no "judgment" issued in this case (and no separate affidavit or declaration filed in support of the motion), Plaintiff's allegations of fraud and/or bias against Magistrate Judge Lovric are wholly without merit. As a result, Plaintiff's purported "motion to vacate judgment for fraud on the Court" is denied as both procedurally improper and unsupported by a showing of cause.

Third, and finally, the Court would reach the same conclusion it were to apply the findings in the Report-Recommendation to Plaintiff's *second* revised Amended Complaint, because, although that document identifies ten new Defendants (*compare* Dkt. No. 14 *with* Dkt. No. 12), it asserts no new claims or factual allegations that cure the pleading defects identified in the Report-Recommendation (*compare* Dkt. No. 14 *with* Dkt. No. 13). However, the Court need

---

no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

not, and does not, do so, because Plaintiff's second revised Amended Complaint was filed

without prior leave of the Court in violation of Fed. R. Civ. P. 15, which permits amendment

only "once as a matter of course."  Fed. R. Civ. P. 15(a)(1).  More specifically, Plaintiff's

Amended Complaint – whether it be her original proposed Amended Complaint (Dkt. No. 10),

her revised Amended Complaint (Dkt. No. 12), or her second revised Amended Complaint (Dkt.

No. 14) – was due on or before May 18, 2023 (Dkt. No. 11, at 5), 113 days before she filed her

second revised Amended Complaint (*compare* Dkt. No. 11, at 5 *with* Dkt. No. 14).

Special solicitude is not a license to ignore the Federal Rules of Civil Procedure.

Furthermore, the Court finds that it would be a waste of judicial resources to task a magistrate

judge with essentially operating and pleading-drafting seminar for this *pro se* litigant.  As a

result, Plaintiff's second revised Amended Complaint is hereby stricken from the docket.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 13) is

**ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Plaintiff's revised Amended Complaint (Dkt. No. 12) is **DISMISSED**

**with prejudice and without prior leave to amend**; and it is further

**ORDERED** that Plaintiff's second revised Amended Complaint (Dkt. No. 14) is

**STRICKEN** from the docket; and it is further

**ORDERED** that Plaintiff's "motion to vacate for fraud on the Court" (Dkt. No. 15) is

**DENIED** as procedurally improper and, in any event, as unsupported by a showing of cause.

The Court certifies that an appeal from this Order would not be taken in good faith.

4

Dated: January 31, 2024
        Syracuse, New York

Glenn T. Suddaby
U.S. District Judge